# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFFREY BRADLEY, | CASE NO. 1:10-cv-01459-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFFS'S COMPLAINT FOR FAILURE TO STATE A CLAIM |
| v. | (ECF No. 1) |
| C/O DANNY OLMOS, | AMENDED COMPLAINT DUE NOVEMBER 28, 2011 |
| Defendant. | |

Plaintiff Geoffrey Bradley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the Magistrate Judge handling all matters in this action. (ECF No. 5.)

Plaintiff initiated this action on August 13, 2010. (ECF No. 1.) Plaintiff's Complaint is now before the Court for screening.

I.     **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, ___; 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## II.     PLAINTIFF'S CLAIMS

Plaintiff was housed at California Correctional Institution ("CCI") at Tehachapi, California, during the time of the events alleged in his Complaint. Plaintiff is currently housed at Chino State Prison. Plaintiff appears to have brought this action for violation of his First Amendment right to file a grievance and his Eighth Amendment right to be free from excessive force. Plaintiff has named only Danny Olmos, a correctional officer at CCI, as a Defendant in this action.

Plaintiff alleges as follows:

On January 1, 2010, Defendant Olmos and other officers were angry at Plaintiff because he had advised the sergeant that the officers were not doing their jobs. (Compl. at 3.) Plaintiff was concerned because other inmates, including his cell-mate, were threatening to harm him when they came out of lock down. (Id.)

Defendant Olmos escorted Plaintiff to the shower and handcuffed him for trransfer to and from the shower. (Id.) In Plaintiff's cell, Defendant Olmos called Plaintiff a number of names and bent Plaintiff's left shoulder. (Id.) When Plaintiff complained about the pain, Defendant Olmos threatened to break Plaintiff's bones. (Id.) Defendant Olmos also sprayed Plaintiff, who has glaucoma, with pepper spray causing great pain especially in


his eyes. Plaintiff's eyes and arms still hurt; he has to take ibuprofen everyday. (Id.) Defendant Olmos falsely accused Plaintiff of having assaulted him; the assault charge was dropped to a "division F" charge since Plaintiff had been handcuffed at the time of the incident. (Id.)

Plaintiff wants the Court to order CCI to pay for his injuries. (Id.) The Captain and Warden of CCI have conducted an investigation into this incident. (Id.)

### III. ANALYSIS

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

### A. Retaliation Claim

It appears that Plaintiff is making a claim that Defendant Olmos retaliated against him for pursuing his constitutional rights, i.e., that Defendant Olmos harmed him after Plaintiff complained that Defendant Olmos and others were failing to protect Plaintiff and hence were not doing their jobs.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff described the adverse action as the harm inflicted on him by Defendant Olmos after he complained about Defendant Olmos and others. This action satisfies the first prong.

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent"). Plaintiff relies on circumstantial evidence to plead that Defendant Olmos injured him the same day Plaintiff complained to the sergeant. Given the timing of the Complaint and then the incident, it is reasonable to conclude that Defendant Olmos' actions were related to Plaintiff's request slip.

Filing a grievance is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Pursuing a civil rights legal action is also protected under the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). Plaintiff describes the adverse action as the request he filed with the CCI sergeant, about Defendant Olmos and others' failure to do their jobs by not sufficiently protecting Plaintiff. Plaintiff has not, however, provided adequate details about the complaint (actually described by Plaintiff only as a "request slip" (Compl. at 3.)) to enable the court to determine if the third prong is met. Plaintiff does not state whether the request was filed using a specific form or procedure, he gives no details as to its content, and he does not say what if any action was taken in response to it. Before the Court can determine whether or not Plaintiff was engaging in any kind of protected conduct, Plaintiff must provide the

Court with additional details regarding the form and contents of his request to the sergeant.

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity...." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300). Plaintiff has satisfied the fourth prong because Defendant Olmos' alleged efforts to injure Plaintiff would chill a person of ordinary firmness from future First Amendment activities.

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. Though this is not a high burden, see id. (prisoner's allegations that search was arbitrary and capricious sufficient to satisfy this inquiry), Plaintiff has alleged facts which imply that Defendant Olmos' actions did not advance a legitimate penological goal. Plaintiff has failed to describe the circumstances of the events sufficiently to enable the Court to determine there was no legitimate penological objective involved. For example, the Court cannot determine whether it is was unusual for Plaintiff to be handcuffed while being transported to the shower, whether Plaintiff resisted the use of handcuffs, what action caused the injury to his shoulder, and what precipitated the use of pepper spray. The Court can not determine if Plaintiff has satisfied the fifth prong of a retaliation claim.

Because Plaintiff has failed to allege sufficient facts to satisfy all five prongs of his retaliation claim, the Court finds that he has failed to state a claim upon which relief could be granted. Plaintiff will be given leave to amend this claim and is required to show how all five prongs required for a retaliation claim have been met.

**B.**     **Excessive Force**

Though not explicitly stated, Plaintiff appears to be claiming that Defendant Olmos used excessive force in violation of Plaintiff's constitutional rights.

The analysis of an excessive force claim brought pursuant to Section 1983 begins with "identifying the specific constitutional right allegedly infringed by the challenged application of force." Graham v. Connor, 490 U.S. 386, 394 (1989). The Eighth Amendment's prohibition on cruel and unusual punishment applies to incarcerated individuals, such as the Plaintiff here. Whitley v. Albers, 475 U.S. 312, 318 (1976). To state an Eighth Amendment claim, a plaintiff must allege that the use of force was "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Hudson v. McMillian, 503 U.S. 1, 9 (1992); see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

Whether force used by prison officials was excessive is determined by inquiring if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7. The Court must look at the need for application of force; the relationship between that needed and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. See Whitley, 475 U.S. at 321. The absence of significant injury alone is not dispositive of a claim of excessive force. See Wilkens v. Gaddy, ___ U.S. ___, ___, 130 S.Ct. 1175, 1176-77 (2010).

On the face of Plaintiff's Complaint, it does not appear that Plaintiff has stated a claim for excessive force. The Court cannot determine whether it was unusual for Plaintiff

to be handcuffed while being transported to the shower, whether Plaintiff resisted the use of handcuffs, what action caused the injury to Plaintiff's shoulder, and what precipitated the use of pepper spray. Plaintiff alleges that there was no need for the force used, but he does not explain the exact circumstances that led to his injury. Plaintiff has not alleged whether the force was used in an effort to maintain discipline, or if it was used sadistically to cause harm. Plaintiff has also not alleged whether or not there was a need for force, whether there was any threat to the safety of staff and other inmates, or if Defendant made any efforts to temper his response. Plaintiff will be given leave to amend this claim and should deal with all of the issues raised above so that the Court can determine whether or not he has stated a claim for excessive force.

### IV.     CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted. The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims. Plaintiff should focus the amended complaint on claims and defendants relating solely to issues arising out of the incidents discussed herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer

serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to file an amended complaint by November 28, 2011;

2. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:10-cv-1459-MJS (PC); and

3. If Plaintiff fails to comply with this Order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: October 30, 2011        /s/ *Michael J. Seng*
ci4d6                          UNITED STATES MAGISTRATE JUDGE