UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFFREY BRADLEY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>C/O DANNY OLMOS,<br><br>　　　　　　Defendant.<br>_____ / | CASE NO.   1:10-cv-01459-MJS (PC)<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(ECF No. 14)<br><br>ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

　　　　Plaintiff Geoffrey Bradley ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction in this action.  (ECF No. 5.)

　　　　Plaintiff initiated this action on August 13, 2010.  (ECF No. 1.)  The Court screened Plaintiff's Complaint, and dismissed it with leave to amend.  (ECF No. 13.)  Plaintiff filed his First Amended Complaint on November 9, 2011.  (ECF No. 14.)  Plaintiff's First Amended Complaint is now before the Court for screening.

I.　　**SCREENING REQUIREMENT**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant

who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, ___; 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## II. PLAINTIFF'S CLAIMS

Plaintiff was housed at California Correctional Institution ("CCI") at Tehachapi, California, during the time of the events alleged in his First Amended Complaint. He has since been released. Plaintiff apparently brings this action for violation of his First Amendment right to file a grievance and his Eighth Amendment right to be free from excessive force. Plaintiff names the following individuals as Defendants: 1) Danny Olmos and 2) Mrs. Sweaney, both correctional officers at CCI. Plaintiff asks for one and a half million dollars in damages.

Plaintiff alleges as follows:

On January 1, 2010, CCI was in lock-down. Inmates near Plaintiff's assigned cell were threatening to stab Plaintiff when lock-down ended. Defendants Olmos and Sweaney refused to move Plaintiff to another cell in response to the threats. Defendant Olmos was angry at Plaintiff because Plaintiff referred to him and Defendant Sweaney in a request slip. On January 1, 2010, while Defendants Olmos and Sweaney

walked Plaintiff to the shower and back to his cell, Defendant Olmos shouted verbal insults at Plaintiff.  After he was returned to his cell, Plaintiff heard Defendants Olmos and Sweaney whispering to each other, and heard Defendant Sweaney say "yes" and walk away.   Defendant Olmos then opened the door and sprayed Plaintiff with pepper spray.  Plaintiff's eyes hurt.  Defendant Olmos also twisted Plaintiff's left shoulder.

### III.  ANALYSIS

#### A.  Section 1983 Standards

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

#### B.   Retaliation Claim

Though not explicitly stated, Plaintiff appears to be claiming that Defendants retaliated against him in violation of his rights under the First Amendment.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

It appears that Defendants took an adverse action against Plaintiff by using or

encouraging the use of pepper spray on Plaintiff and injuring his shoulder. Plaintiff has satisfied this prerequisite.

The second prong of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent"). Here, Plaintiff makes the proper link between his alleged protected activity and Defendants' actions. It appears that Defendants took their alleged actions soon after Plaintiff made some kind of complaint regarding their unwillingness to transfer him. Plaintiff has satisfied this element.

In terms of the third prong, filing a grievance is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Pursuing a civil rights legal action is also protected under the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). However, as the Court noted in its original screening order, Plaintiff has not identified any protected activity undertaken by him which precipitated the alleged retaliation. Plaintiff has again failed to describe the exact method he used to complain about Defendants' unwillingness to respond to safety concerns. He simply mentions that he referred to Defendants in a "request slip". The Court is unable to determine from that or anything else in the pleadings that Plaintiff was engaging in a protected action. Plaintiff has failed to satisfy this prong.

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually

determined plaintiff persists in his protected activity...." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300). Here, Defendants' actions would chill a person of ordinary firmness from First Amendment activities.

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. Plaintiff does not address this prong in his First Amended Complaint, and with the limited facts pled, the Court cannot determine that there were no legitimate penological goals Defendants sought to achieve by their actions. Plaintiff has failed to satisfy this prong.

Because Plaintiff has again failed to allege sufficient facts to satisfy all five prongs of his retaliation claim, the Court finds that he has failed to state a claim upon which relief could be granted. The required elements and the deficiencies in Plaintiff's pleading were pointed out to him in the Court's initial screening order, and yet Plaintiff's Amended Complaint does not resolve those deficiencies. No useful purpose would be served by advising Plaintiff again and giving him another opportunity to amend. He will not be given leave to further amend this claim.

C.   **Excessive Force**

Though not explicitly stated, Plaintiff appears to be claiming that Defendant Olmos used excessive force in violation of Plaintiff's constitutional rights.

The analysis of an excessive force claim brought pursuant to Section 1983 begins with "identifying the specific constitutional right allegedly infringed by the challenged application of force." Graham v. Connor, 490 U.S. 386, 394 (1989). The Eighth Amendment's prohibition on cruel and unusual punishment applies to incarcerated individuals, such as the Plaintiff here. Whitley v. Albers, 475 U.S. 312,

318 (1976). To state an Eighth Amendment claim, a plaintiff must allege that the use of force was "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Hudson v. McMillian, 503 U.S. 1, 9 (1992); see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

Whether force used by prison officials was excessive is determined by inquiring if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7. The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. See Whitley, 475 U.S. at 321. The absence of significant injury alone is not dispositive of a claim of excessive force. See Wilkens v. Gaddy, ___ U.S. ___, ___, 130 S. Ct. 1175, 1176-77 (2010).

On the face of Plaintiff's First Amended Complaint, as in his original Complaint, it does not appear that Plaintiff has stated a claim for excessive force. Plaintiff has pled even fewer facts in his First Amended Complaint than he did in his original Complaint. Plaintiff alleges that Defendant Olmos sprayed him with pepper spray and that Defendant Sweaney encouraged him to do so. He alleges that Defendant Olmos also twisted his shoulder. However, Plaintiff does not describe the events leading up to the pepper spraying and shoulder injury. He failed to follow the Court's instructions and set

forth whether it was unusual for Plaintiff to be handcuffed while being transported to the shower, whether Plaintiff resisted the use of handcuffs, what action caused the injury to Plaintiff's shoulder, and what precipitated the use of pepper spray. He has not alleged whether the force was used in an effort to maintain discipline or sadistically to cause harm. He has also not stated whether or not there was a need for force, whether there was any threat to the safety of staff and other inmates, or if Defendants made any efforts to temper their response. Indeed, Plaintiff's previous allegation that there was no need for the force used is not repeated in his First Amended Complaint. Inasmuch as Plaintiff has failed to include the additional allegations suggested in the Court's previous screening order, it may be assumed that he is unable to include them. Further leave to amend would be futile.

## IV.     Conclusion and Order

Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted under section 1983. Plaintiff was previously notified of the deficiencies in his claims and granted leave to amend, but he was unable to cure the deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Based on the record in this case, further leave to amend is not warranted.

Accordingly, this action is HEREBY ORDERED DISMISSED, with prejudice, for failure to state a claim under section 1983, and this dismissal SHALL count as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:    April 30, 2012                    /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE