# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFFREY BRADLEY, | CASE NO. 1:10-cv-1459-MJS PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| | (ECF No. 18) |
| v. | ORDER VACATING ORDER DISMISSING ACTION AND JUDGMENT |
| C/O DANNY OLMOS, | |
| | (ECF Nos. 17 & 18) |
| Defendant. | CLERK TO REOPEN CASE |

## I. PROCEDURAL HISTORY

Plaintiff Geoffrey Bradley, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 13, 2010. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5.)

The Court screened Plaintiff's Complaint and dismissed it with leave to amend for failure to state a claim. (ECF No. 13.) Plaintiff then filed a First Amended Complaint (ECF No. 14), which the Court screened, and finding no cognizable claims, issued an order dismissing the action with prejudice (ECF No. 16).

Before the Court is Plaintiff's motion for reconsideration of dismissal of this action. (Mot., ECF No. 18.)

## II. DISCUSSION

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the District Court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2)

newly discovered evidence . . . ; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event not more than one year after the judgment, order, or proceeding was entered or taken. Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See e.g., Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . " exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008).

Here, Plaintiff seeks relief from the judgment dismissing his Eighth Amendment excessive force action. The Court initially concluded there was an absence of allegations of actions that could constitute excessive force under the Eighth Amendment.  Upon further consideration of the controlling authorities and facts and circumstances of this case, the Court finds that Plaintiff may be able to allege facts sufficient to state a cognizable Eighth Amendment excessive force claim and that the relief sought herein is supported by good cause.

### III.   ORDER

Plaintiff having met his burden as a party moving for reconsideration, it is HEREBY ORDERED that:

1.   Plaintiff's motion for reconsideration (ECF No. 18) be granted;

2. The Court's order dismissing this case (ECF No. 16) and its judgment (ECF No. 17) be vacated;

3. The Court will issue a new screening order in due course; and

4. The Clerk shall reopen this case.

IT IS SO ORDERED.

Dated: March 28, 2013                           /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE