# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFFREY BRADLEY,<br><br>         Plaintiff,<br><br>   v.<br><br>C/O DANNY OLMOS,<br><br>         Defendant. | Case No.  1:10-cv-01459-MJS<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF No. 24)<br><br>SERVICE DOCUMENTS DUE WITHIN FOURTEEN DAYS |

On August 13, 2010, Geoffrey Bradley ("Plaintiff"), an individual proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)  Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5.)

The Court screened Plaintiff's Second Amended Complaint on December 23, 2013 and found that it stated a cognizable claim,.  (ECF Nos. 23, 24.) The Court forwarded service documents to Plaintiff, and ordered him o complete and return them within thirty days, i.e., by January 27, 2014.  (ECF No. 24.)  January 27, 2014, has passed without Plaintiff having returned the forms or a request for an extension of time

to do so.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not adequately responded to the Court's December 23, 2013, order. He will be given **fourteen (14) days** of entry of this order, and no later, to return the service documents or show cause why his case should not be dismissed for failure to comply with a court order. Failure to meet this deadline will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   February 26, 2014         /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE