UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFFREY BRADLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C/O DANNY OLMOS,<br><br>　　　　Defendant. | Case No.: 1:10-cv-01459-MJS (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO OBEY A COURT ORDER<br><br>(ECF No. 25)<br><br>CLERK SHALL CLOSE CASE |

　　　　Plaintiff Geoffrey Bradley ("Plaintiff") is a former state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 5.)

　　　　The Court on February 26, 2014, ordered Plaintiff to either file his service documents or show cause why his case should not be dismissed for failure to comply with a court order.  (ECF No. 25.)  Plaintiff failed to do either or otherwise respond.

　　　　Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d

1

829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 21 779 F.2d at 1424.  The Court's order expressly stated: "Failure to meet this deadline will result in

1  dismissal of this action."  (ECF No. 25.)  Thus, Plaintiff had adequate warning that dismissal
2  would result from his noncompliance with the Court's order.
3      Based on the foregoing, the Court ORDERS that this action be HEREBY DISMISSED,
4  without prejudice, based on Plaintiff's failure to obey the Court's February 26, 2014, order
5  (ECF No. 25).

7  IT IS SO ORDERED.

   Dated:    April 4, 2014                    /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE